UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HAROLD OLIVER, individually and
on behalf of all others similarly situated,


                          Plaintiff,

      -against-                                    Civil Action No.   5:13-CV-1143 (MAD/DEP)


DISH COUNTRY, INC., DISH NETWORK
SERVICE, L.L.C., and DISH NETWORK
CORPORATION,

                          Defendants.

_____

Plaintiff asserts the following as his complaint against Defendants:

## **<u>INTRODUCTION</u>**

1.      This is a collective action under the Federal Fair Labor Standards Act ("FLSA") and a

class action under Rule 23 of the Federal Rules of Civil Procedure challenging defendants'

misclassification of plaintiff and those similarly situated as "independent contractors" rather than

employees.

2.      Plaintiff, Harold Oliver, installs and services satellite television equipment for Dish

Country, Inc. on for the benefit of DISH Network Service L.L.C. and DISH Network Corporation.

3.      The complaint in this action asserts claims for defendants' failure to pay plaintiff and

those similarly situated, proper compensation and wages, including, but not limited to, claims for

overtime; claims for illegal deductions; and, claims for employee benefits under a company plan.

4.      All causes of action alleged in the Complaint flow from defendants willful and knowing

misclassification of plaintiff and those similarly situated as "independent contractors" even though

defendants control every facet of plaintiff's job, making plaintiff and those similarly situated employees

under the law.

5.      Upon information and belief, as a result of misclassifying Plaintiff and similarly situated co-workers as independent contractors, Defendants did not maintain accurate time records concerning Plaintiff or their similarly situated co-workers.

6.      Plaintiff brings this action on behalf of himself and all others similarly situated for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), and New York State Labor Law.

7.      Plaintiff brings this action on behalf of himself and as a representative of three classes. First, under the FLSA, plaintiff brings the claim on behalf of himself and all similarly situated individuals pursuant to 29 U.S.C. § 207 and 216(b), and specifically on behalf of:

> all persons who work or have worked as a misclassified "independent contractor" of Dish Country, Inc., in the past three years who were (a) not paid for all work performed while on the job; (b) were not paid for all work performed while off-the-clock; (c) were not compensated for time worked over forty hours per week at overtime rates; and, (d) were subject to illegal deductions  (the "FLSA Class").

8.      Excluded from the FLSA Class are defendants, their officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendants.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

9.      Plaintiff also brings this action on behalf of himself and all similarly situated individuals pursuant to New York Labor Law Article 6 and Federal Rule of Civil Procedure Rule 23 on behalf of:

> all persons who work or have worked as a misclassified "independent contractor" of Dish Country, Inc. over the past six years and who reside and/or perform substantial work in the State of New York who were (a) not paid for all work performed while clocked-in; (b) were not paid for all work performed while off-the-clock; (c) were not compensated for time worked over forty hours per week at overtime rates; (d) were subjected to illegal deductions; (e) were not given a 30 minute lunch break; (f) were not provided with "Uniform Maintenance Pay"; and, (g) were not provided mandatory disclosure and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Protection Act (the "New York Class").

10.      Excluded from the New York Class are defendants, their officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in defendants. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

11.     Plaintiff also brings this action on behalf of himself and all similarly situated individuals pursuant to ERISA and Rule 23, on behalf of:

> all persons who work or have worked as a misclassified "independent contractor" of Dish Country, Inc. and have been denied benefits under ERISA governed plans which are offered to employees of Dish Network Service, LLC and/or Dish Network Corporation (the "ERISA Class").

12.     Excluded from the ERISA Class are defendants, their officers, directors, legal representatives, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendants. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the ERISA Class.

## PARTIES

13.     Plaintiff Harold Oliver is an individual that resides in Tompkins County, State of New York.

14.     Plaintiff was hired as an "independent contractor" for Dish Country, Inc. ("Dish Country") a foreign business corporation with a principle place of business located at P.O. Box 66, Flemingsburg, KY 41041.

15.     Plaintiff installs satellite dishes and accompanying equipment for Dish Country.

16.     Plaintiff continues to perform services for Dish Country in the State of New York.

17.     Upon information and belief, Dish Network Corporation is a foreign corporation incorporated in the state of Colorado with a principal place of business at 9601 S. Meridian Blvd., Englewood, CO 80112, United States.

18.     Upon information and belief, Dish Network Service L.L.C is a foreign business with a principal place of business at 9601 S. Meridian Blvd., Englewood , CO 80112, United States.

19.     Upon information and belief DISH Network Service L.L.C. is a wholly owned subsidiary and/or affiliate of Dish Network Corporation and therefore, for purposes of this litigation the defendants are united in interest and will collectively be referred to as "Dish Network."

20.     Upon information and belief, Dish Network is liable for the acts and misclassification of the defendant Dish Country because Dish Network exercises sufficient control over the operations and management of the misclassified technicians in order to meet the Enterprise Test, the Joint Employer Test and the Economic Realities Test, as those multi-factored tests have developed under case law.

21.     In particular, as relevant to this case, Mr. Oliver receives his daily assignments from Dish Network through their corporate computer program; Mr. Oliver stores and restocks Dish Network equipment and products at his home and in his truck; Mr. Oliver must adhere to Dish Network rules and protocols; Mr. Oliver's compensation is dictated by the policies set by Dish Network; Mr. Oliver must wear Dish Network attire; and, Dish Network mandates that Mr. Oliver be available, at a minimum from 7 a.m. to 5 p.m., five days per week, to receive jobs from Dish Network.

22.     Each Defendant is an "employer" under the applicable wage and hour laws based upon their management and control over the wages and hours worked by the misclassified technicians.

## JURISDICTION AND VENUE

23.     This court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 201, et. seq., and ERISA, 29 U.S.C. § 1001, et. seq.

24.     This court has supplemental jurisdiction under 28 U.S.C. § 1367 over New York State wage, hour and common law claims because such claims derive from a common nucleus of operative fact.

25.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## JOINT EMPLOYER ALLEGATIONS

26.     Defendants all gain financially from the misclassification of plaintiff and those similarly situated.  As so-called "independent contractors" defendants are not required to pay payroll taxes, withhold taxes, pay benefits, or comply with most wage and hour laws.

27.     As relevant to this case, defendants save an enormous amount of money because they do not pay overtime at the statutorily required time and one half for the technicians that install and repair equipment and who average approximately 60 hours of work each week.

28.     Mr. Oliver and those similarly situated diligently perform work for the benefit of all defendants and deserve to be paid in accordance with the law.

29.     Mr. Oliver and those similarly situated are not allowed to work for any other Satellite TV provider or Cable TV provider.

30.     Mr. Oliver and those similarly situated are paid on a piece rate basis pursuant to terms dictated by defendants.

31.     Mr. Oliver and those similarly situated are required to log in to their computer each morning to receive their assignments from defendants.  Defendants do not compensate plaintiff for this time, nor do defendants pay plaintiff for time spent loading and unloading equipment, or travelling to and from each job.

32.     The following conduct further demonstrates that Dish Country and Dish Network jointly employ Mr. Oliver and those similarly situated:

    a.      Dish Country and Dish Network require technicians to report each time they arrive and depart from each job;

    b.      Dish Country and Dish Network require technicians to complete comprehensive paperwork for every job in order to monitor the precise work done;

    c.      Dish Country and Dish Network issue work schedules to the technicians. In doing so, the work schedule had predetermined times for customer appointment and sequence for scheduling said appointments;

d.      Dish Network supplies the specific equipment for technicians to install;

e.      Residential customers contact Dish Network for satellite television services. Plaintiff and Class members were dispatched by Dish Country to the various homes to install Dish Network's equipment.  Plaintiff and Class Members wore uniforms bearing the Dish Network logo and drove in pre-approved trucks with the Dish Network logo affixed to the truck;

f.      Upon information and belief Dish Network requires Dish Country to follow its personnel policies;

g.      Upon information and belief Dish Network provides customer feedback forms, phone numbers, and website information for customer complaints and Dish Network and Dish Country use this information for matters related to payment and discipline;

h.      Upon information and belief Dish Network exercises formal and functional control over Dish Country and its so-called "independent contractors" by providing a computer based records system;

i.      Upon information and belief Dish Network promulgated employment policies for Dish Country to follow;

j.      Upon information and belief Dish Network has the power to hire plaintiff and other similarly situated individuals; and,

k.      Upon information and belief Dish Network exercised control over discipline matters for so-called "independent contractors" at Dish Country;

33.      As set forth above, Dish Country and Dish Network both exercise considerable control and share responsibility for directing the misclassified workers.  Defendants have centralized control of labor relations, common control, common instruction and direction, and a common business purpose.

34.      Mr. Oliver and those similarly situated, are subjected to unlawful deductions in the form of charge backs for additional services required after the technician installs or repairs equipment.  The charge backs have not been agreed upon in writing by members of the class and the terms of the

chargebacks are dictated by defendants.  Most of the charge backs issued have nothing to do with the quality of work performed by the technicians.  For example, charge backs are issued for any subsequent service calls after installation, including but not limited to:  defective or malfunctioning equipment; customers who did not know how to use the equipment; customer complaints for items that are outside the control of the technician; running phone lines; installation of internet; line of sight issues; and, equipment damaged at no fault of the technician.

35.     The "charge back" scheme is administered jointly by both Dish Network and Dish Country.  Both companies had a common business purpose, namely, to push the cost and expense of such items to Mr. Oliver and those similarly situated.

36.     As joint employers, Dish Network and Dish Country are jointly and severally liable for all damages suffered by Mr. Oliver and those similarly situated.

## FAIR LABOR STANDARDS COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff on behalf of himself and the FLSA Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees, such as Plaintiff and others similarly situated, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

39.     Here, Plaintiff Harold Oliver worked on average 60 hours per week throughout his employment with Defendants, but has never received overtime pay.

40.     Defendants' unlawful conduct has been widespread, repeated and consistent.

41.     No FLSA exemption applies to Plaintiff and the FLSA Class members.

42.     Plaintiff is unable to state the exact number of the FLSA Class without discovery of defendants' books and records but estimates the class to be approximately 150 individuals.

43.    Defendants' conduct was willful and in bad faith and has caused significant damages to plaintiff Harold Oliver and all members of the FLSA Class.

44.    Defendants are liable under the FLSA for failing to properly compensate plaintiff and the FLSA Class and for failing to properly document wage deductions, and as such, notice should be sent out to the FLSA class.

45.    There are numerous similarly situated, current and former employees of defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and be provided an opportunity to join in the action.  The FLSA Class members are known to defendants and should be easily identified through defendants' books and records.

## NEW YORK CLASS ACTION ALLEGATIONS

46.    Plaintiff on behalf of himself and New York Class re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47.    Plaintiff is unable to state the exact number of the New York Class without discovery of defendants' books and records but estimates the class to be approximately 40 individuals.  Therefore, the members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

48.    Plaintiff Harold Oliver's claims are typical of the claims for the New York Class members because: (a) they are likewise misclassified non-exempt employees who were not compensated for work performed; (b) are victims of illegal deductions from their paychecks; (c) were routinely permitted and asked to work during their lunch breaks and were therefore deprived of wages; (d) were deprived of overtime pay they were entitled to by law; (e) were deprived of uniform maintenance pay; and (f) were not provided mandatory disclosure and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Protection Act.

49.     The damages suffered by plaintiff Harold Oliver and the New York Class members are similar in that all class members have been deprived of wages and overtime pay as a result of the common policies, practices and patterns of conduct by defendants.

50.     Plaintiff Harold Oliver will fairly and adequately protect the interests of the New York Class.

51.     Plaintiff Harold Oliver has retained competent counsel with experience in class action and wage hour litigation.

52.     There is no conflict between plaintiff Harold Oliver and the New York Class.

53.     Common questions of law and fact exist as to the New York Class that predominates over any questions solely affecting them individually.  Specifically, the factual and legal issues common to the class involve:  (a) whether defendants failed and/or refused to pay plaintiff and the New York Class for all of the compensable time that they worked for defendants; (b) whether defendants failed and/or refused to pay plaintiff and the New York Class for all of the compensable time that they worked for defendants while off-the-clock; (c) whether defendants failed to keep true and accurate time records for all hours worked as required by New York Labor Law §§ 190 et. seq.; (d) whether defendants correctly compensated members of the New York Class for hours worked in excess of forty hours per week; (e) whether defendants complied with posting requirements under the New York State Labor Law; (f) whether defendants complied with the posting and written notice requirements of the New York State Wage Theft Protection Act; (g) whether defendants' policy and practice of failing to pay  workers for all hours worked was instituted willfully or with reckless disregard of the law; and (i) the nature and extent of class-wide injury and measure of damages for those injuries.

54.     Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous

individual actions would entail.  Individual class members' damages are inadequate to justify the

costs of prosecuting their claims in any manner other than a class action. No difficulties are likely

to be encountered in the management of this class action that would preclude its maintenance as a

class action, and no superior alternative exists for the fair and efficient adjudication of this

controversy.   Members of the New York Class are readily ascertainable to defendants and should

be easily identified through defendants' books and records.

      55.    Prosecution of separate actions by individual members of the New York Class

would create the risk of inconsistent or varying adjudications with respect to individual members

of the New York Class that would establish incompatible and unpredictable standards of conduct

for defendants.

      56.    Without a class action, defendants will retain the benefits of their wrongdoing

and will continue to engage in the unlawful practices outlined in this Complaint with impunity,

resulting in further damage to members of the New York Class.

      57.    Appropriate notice will be sent to all members of the New York Class as required

by Federal Rule of Civil Procedure, Rule 23.

## ERISA CLASS ACTION ALLEGATIONS

      58.    Plaintiff on behalf of himself and ERISA Class re-alleges and incorporates by

reference all allegations in all preceding paragraphs.

      59.    Upon information and belief, defendant Dish Network maintains and administers

several ERISA welfare and benefit plans and that pursuant to the definitions for membership, all

employees of Dish Network are eligible for benefits.

      60.    For example, Dish Network maintains and administers the "DISH Network

Corporation and EchoStar Corporation 401k Plan" which has an effective date of December 20,

1983.  According to this plan, employees are eligible for certain benefits such as a profit sharing;

defined benefits under a retirement plan; Matching 401K contributions; and, a discounted stock

purchase program.

61.     Dish Network also maintains and administers the "DISH Network Corporation Employee Benefits Health and Welfare Plan's 401k Plan" which has an effective date of January 1, 1988.  According to this plan, employees are eligible for certain benefits such as: Health insurance; Life insurance; Dental insurance; Vision insurance; Vision; Temporary disability; and, Long-term disability.

62.     Upon information and belief, plaintiff and the members of the ERISA Class were at all times eligible to receive benefits based upon the terms of the ERISA plans.

63.     However, plaintiff and the members of the ERISA Class were not notified of their eligibility and were not provided summary plan descriptions or required disclosures.

## FIRST CAUSE OF ACTION

(FLSA collective action on behalf of Plaintiff and FLSA Class)

64.     Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Plaintiff Harold Oliver hereby consents in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and attached hereto as **Exhibit A** is a copy of plaintiff's opt-in notification.

66.     The FLSA requires each covered employer such as defendants to compensate all non-exempt employees for all hours worked.

67.     The defendants in this action tried to work around the requirements of the FLSA by naming their employees as "independent contractors" thus having the "contractors" fall under one of the exemptions to the FLSA.

68.     The plaintiff, and all those similarly situated, were in fact misclassified as "independent contractors" but were in fact employees under the provisions of the FLSA.

69.     This misclassification of employment status was intentional, willful, reckless, and wanton on the part of the defendants.

70.     The FLSA also requires non-exempt employees to be compensated at the rate of one and one half times their regular rate of pay for each hour worked in excess of forty hours per work week.

71.     By failing to properly account for all hours worked and by intentionally engaging in a practice of using illegal deductions, defendants regularly and consistently failed to pay plaintiff and members of the FLSA Class for overtime premiums lawfully earned.

72.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73.     Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

74.     Plaintiff on behalf of himself and the FLSA Class seeks damages in the amount of their unpaid overtime compensation, interest, and such other legal and equitable relief this Court deems just and proper.

75.     Plaintiff on behalf of himself and the FLSA Class seeks liquidated damages in an amount equal to their actual damages.

76.     Plaintiff on behalf of himself and the FLSA Class seeks punitive damages in an amount to be decided by the Court.

77.     Plaintiff on behalf of himself and the FLSA Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

(State law class action on behalf of Plaintiff and New York Class)

78.     Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Pursuant to New York Labor Law §§ 190, 191, 193, 195.1, and 198, defendants have willfully failed to pay plaintiff and the New York Class for all hours worked.

80.     As outlined above, defendants engaged in a repeated course of conduct in which they improperly refused to pay their employees for compensable time.

81.     For example, New York Law requires each employee to be given a full thirty minute uninterrupted lunch break.  Plaintiff, and members of the New York Class, were routinely deprived of a 30 minute uninterrupted break.  In fact, plaintiff cannot remember a single day in the past year in which he was given a 30 minute uninterrupted break for lunch.

82.     Even though defendants are aware that employees are performing work during lunch breaks and/or do not take a lunch break at all, defendants fail to compensate them for their work, electing instead to accept the benefit of the uncompensated work.

83.     New York Law also requires non-exempt employees to be compensated at the rate of one and one half times their regular rate of pay for each hour worked in excess of forty hours per work week.

84.     Plaintiff and members of the New York Class routinely average 60 or more hours of work per week yet have never been paid overtime premiums.

85.     New York Law prohibits an Employer from taking any deductions from an employee's wages except under certain limited statutorily prescribed circumstances, which are not applicable to the New York Class.

86.     However, as set forth above, defendant routinely make deductions from wages earned in violation of the law.

87.     By failing to properly account for all hours worked and by intentionally engaging in a practice of illegal deductions, defendants regularly and consistently failed to pay plaintiff and members of the New York Class for all wages earned.

88.     By failing to properly account for all hours worked and by intentionally engaging in a practice of illegal deductions, defendants regularly and consistently failed to pay plaintiff and the New York Class for overtime premiums lawfully earned.

89.     Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

90.     Defendants also failed to provide plaintiff and members of the New York Class with the required written notices under the New York State Wage Theft Protection Act.  Specifically, the Act requires new hires to be provided with a written notice stating in pertinent part:  the employee's rate or rates of pay, including the employee's overtime rate of pay (for all non-exempt employees); the basis for the employee's rate of pay (for example, by the hour, shift, day, week, salary, or commission); the statutory exemption that applies, if any;  any allowances claimed as part of the minimum wage (e.g., tips, meals, etc.); the regular pay day designated by the employer; the employer's name, including any "doing business as" names used by the employer; the physical address of

the employer's main office or principal place of business, and a mailing address, if different; the employer's telephone number.

91.     This same notice must be provided to all existing employees each year no later than February 1st and if the employer makes any changes to the information contained in the notice and such changes are not reflected in the employee's payroll statements, the employer must give the employee written notice of the change at least seven (7) days before the change becomes effective.

92.     Plaintiff and the New York Class members were not given written notices in compliance with the law.

93.     Defendants likewise failed to provide plaintiff and members of the New York Class with legally compliant payroll statements, as pay stubs were not in compliance with Labor Law Section 195.3 with regard to the illegal wage deductions made by defendants.

94.     Further, defendants provided plaintiff and the members of the New York Class with uniforms but did not pay to have the uniforms laundered nor did Defendants provide each employee with a sufficient number of uniforms (i.e. a number of uniforms equal to the number of days the employee regularly works per week) to avoid paying the statutory uniform maintenance fee.

95.     Plaintiff on behalf of himself and the New York Class seeks damages in the amount of their unpaid wages, reimbursement of all illegal deductions; overtime compensation, interest, and such other legal and equitable relief this Court deems just and proper.

96.     Plaintiff on behalf of himself and the New York Class seeks liquidated damages in an amount equal to their actual damages.

97.     Plaintiff on behalf of himself and the New York Class seek statutory penalties of $2500.00 for each class member for defendants' failure to provide legally compliant written statements pursuant to New York Labor Law 195.1.

98.     Plaintiff on behalf of himself and the New York Class seek statutory penalties of $2500.00 per class member for defendants' failure to provide legally compliant payroll statements pursuant to New York Labor Law 195.3.

99.     Plaintiff on behalf of himself and the New York Class seeks uniform maintenance pay in the amount prescribed by law ($9.00 per week for work weeks over 30 hours; $7.10 per week for work weeks of more than 20 hours but not more than 30 hours; and, $4.30 per week for work weeks of 20 hours or less).

100.    Plaintiff on behalf of himself and the New York Class seeks recovery of attorneys' fees, disbursements and costs, to be paid by defendant, as provided by New York Labor Law § 198.

101.    Plaintiff on behalf of himself and the New York Class seeks punitive damages in an amount to be decided by the Court.

### THIRD CAUSE OF ACTION

(ERISA class action against Dish Network on behalf of Plaintiff and ERISA Class)

102.    Plaintiff on behalf of himself and all those similarly situated, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

103.    As set forth, above, plaintiff and members of the ERISA Class were at all times relevant entitled to participate in Dish Network's ERISA plans, yet were wrongfully excluded from such plans.

104.    Defendant Dish Network had a fiduciary obligation to investigate the identity of beneficiaries under the ERISA plans, and to provide required notices to all potential beneficiaries.

105.    As common law employees, plaintiff and members of the ERISA Class were entitled to benefits.

106.    Pursuant to ERISA Section 502(a)(3), this Court has the ability to issue "appropriate equitable relief" which includes a claim for equitable restitution.

107.    Defendant Dish Network has received a substantial benefit by withholding payments to plaintiff and members of the ERISA Class, all while maintaining the substantial benefits associated with maintaining tax-advantaged ERISA plans.

108.    Meanwhile, plaintiff and members of the ERISA Class have been deprived of benefits that they were lawfully entitled to claim because Dish Network failed to notify the ERISA Class that they were entitled to benefits.

109.    In good conscience, defendant Dish Network should be required to disgorge the money it has wrongfully retained and pay restitution to plaintiff and members of the ERISA Class.

110.    Equity also requires an order enjoining Dish Network from further violations; to identify all plan participants; and to enroll all currently eligible participants who are currently being misclassified as independent contractors.

111.    Plaintiff on behalf of himself and the ERISA Class seeks recovery of all benefits that he and members of the class should have obtained, plus attorneys' fees, disbursements and costs, to be paid by defendant, as provided by ERISA.

WHEREFORE, plaintiff respectfully requests an Order and Judgment as follows:

## FIRST CAUSE OF ACTION

A.  Designating this action as a collective action on behalf of the FLSA Class and issuing prompt notice to all persons who work or have worked as a misclassified independent contractor for Dish Country, Inc., in the past three years. This notice should inform the FLSA class that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.  Designating Plaintiff Harold Oliver as the Representative of the FLSA Class;

C.  Appointing Hacker Murphy, LLP as Lead Counsel for the FLSA Class;

D.  Declaring that defendants have violated the wage deduction provisions of the FLSA;

E.  Declaring that defendants have violated the overtime provisions of the FLSA;

F.  Awarding plaintiff and the FLSA Class damages for unpaid overtime wages;

G.  Awarding plaintiff and the FLSA Class damages for all unauthorized deductions under the FLSA;

H.  Awarding plaintiff and the FLSA Class liquidated damages under the FLSA;

I.  Awarding plaintiff and the FLSA Class punitive damages under the FLSA;

J.  Awarding plaintiff and the FLSA Class their attorneys' fees, expert fees, costs, and disbursements pursuant to 29 U.S.C. § 216.

K.  Awarding pre-judgment and post judgment interest, as provided by law;

L.  Enjoining defendants from harassing, intimidating, threatening and terminating members of the FLSA Class because they have exercised their rights under the FLSA; and

M.  Awarding all other relief as this Court shall deem just and proper.

## SECOND CAUSE OF ACTION

A.        Certifying this action as a class action under Rule 23;

B.        Appointing plaintiff Harold Oliver as the class representative of the New York Class;

C.        Appointing Hacker Murphy, LLP as Lead Counsel for the New York Class;

D.        Declaring that defendants have violated the wage deduction provisions of the New York Labor Law;

E.        Declaring that defendants have violated the overtime provisions of the New York Labor Law;

F.        Awarding plaintiff and the New York Class damages for the difference between the full hourly wage as mandated by law, and the hourly wages actually paid to the plaintiff and the New York Class for the hours they worked;

G.        Awarding plaintiff and the New York Class damages for unpaid overtime wages;

H.        Awarding plaintiff and the New York Class damages for all unauthorized deductions under the New York Labor Law;

I.        Awarding plaintiff and the New York Class liquidated damages under the New York Labor Law;

J.        Awarding plaintiff and the New York Class punitive damages under the New York Labor Law;

K.        Awarding plaintiff and each member of the New York Class statutory penalties of $2500.00 for defendants' failure to provide legally compliant written statements pursuant to New York Labor Law 195.1;

L.        Awarding plaintiff and each member of the New York Class statutory penalties of $2500.00 for defendants' failure to provide legally compliant payroll statements pursuant to New York Labor Law 195.3;

M.        Awarding plaintiff and each member of the New York Class uniform maintenance pay in the amount required by law ($9.00 per week for work weeks over 30 hours; $7.10 per week for work weeks of more than 20

hours but not more than 30 hours; and, $4.30 per week for work weeks of 20 hours or less).

N.        Awarding plaintiff and the New York Class their attorneys' fees, expert fees, costs, and disbursements pursuant to the New York Labor Law.

O.        Awarding pre-judgment and post judgment interest, as provided by law;

P.        Enjoining defendants from harassing, intimidating, threatening and terminating members of the New York Class because they have exercised their rights under the New York Labor Law; and

Q.        Awarding all other relief as this Court shall deem just and proper.

## THIRD CAUSE OF ACTION

A.        Certifying this action as a class action under Rule 23;

B.        Appointing plaintiff Harold Oliver as the class representative of the ERISA Class;

C.        Appointing Hacker Murphy, LLP as Lead Counsel for the ERISA Class;

D.        Declaring that defendant Dish Network has deprived plaintiff and the ERISA Class benefits under ERISA and awarding benefits to the ERISA Class which would have been provided had they properly been classified as employees;

E.        Declaring that defendant Dish Network has violated its fiduciary duty under ERISA;

F.        Awarding plaintiff and members of the ERISA Class equitable restitution to make them whole for the value of benefits that have been wrongfully retained by defendant Dish Network;

G.        Disgorging the profits wrongfully retained by defendant Dish Network equal to the value of providing benefits to plaintiff and the ERISA Class;

H.        Enjoining Dish Network from further fiduciary violations; Requiring Dish Network to identify all plan participants and to enroll all currently eligible participants who are currently being misclassified as independent contractors;

I.        Awarding plaintiff and the ERISA Class their attorneys' fees, expert fees, costs, and disbursements pursuant to ERISA;

J.        Awarding pre-judgment and post judgment interest, as provided by law;

K.       Enjoining defendants from harassing, intimidating, threatening and terminating members of the ERISA Class because they have exercised their rights under ERISA; and

L.        Awarding all other relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:  September 12, 2013                                HACKER MURPHY, LLP

                                                                        James E. Hacker, Esq.
                                                                        NDNY Bar Roll Number: 101888
                                                                        jhacker@hackermurphy.com
                                                                        Ryan M. Finn, Esq.
                                                                        NDNY Bar Roll Number:  513670
                                                                        rfinn@hackermurphy.com
                                                                        7 Airport Park Blvd.
                                                                        Latham, NY 12110
                                                                        518.213.0115

# Exhibit A

**FAIR LABOR STANDARDS ACT CONSENT**

I consent to be a party plaintiff in a lawsuit against DISH COUNTRY, INC., DISH NETWORK

SERVICE, L.L.C., and DISH NETWORK CORPORATION and/or related entities and individuals in order to

seek redress for violations of Fair Labor Standards Act,  pursuant to 29U.S.C. §216 (b) I hereby designate

Hacker Murphy, LLP to  represent me in such a lawsuit.

Dated:  September 9, 2013

_____
HAROLD OLIVER